**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-2435**

─────────────

MUTI DENAN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-552-333)

─────────────

Submitted:  May 25, 2005                    Decided:  June 21, 2005

─────────────

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Howard T. Mei, LAW OFFICES OF HOWARD T. MEI, Bethesda, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, Shelley R. Goad, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Muti Denan and her husband Endranto, natives and citizens of Indonesia, petition for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that petitioners fail to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that they seek.

Additionally, we uphold the immigration judge's denial of petitioners' request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because

---

[*]Denan is the lead petitioner in the instant case, as Endranto is basing his eligibility for relief on Denan's alleged persecution. Endranto is therefore a derivative beneficiary of Denan's asylum application. 8 C.F.R. § 1208.21 (2004).

petitioners fail to show that they are eligible for asylum, they cannot meet the higher standard for withholding of removal.

We also find that petitioners fail to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We find that petitioners fail to make the requisite showing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED